Peoples Savings Bank in Providence
vs.
Patrick Walsh, Administrator, et al.

Eq. No. 11623.

### DECISION.

March 28, 1933.

CARPENTER, J. This case is based upon a bill of interpleader brought by the People's Savings Bank in Providence against Patrick J. Walsh as administrator of the estate of Julia Walsh, late of Providence, deceased, and Josephine J. Walsh, of Cranston, a minor of the age of sixteen, to determine the ownership of moneys on deposit in the People's Savings Bank in the joint account of Julia Walsh and Josephine J. Walsh.

The evidence tended to show that Julia Walsh was the sister of the mother of the respondent, Josephine J. Walsh, and that she was very fond of Josephine; that on or about April 2, 1926, Julia Walsh visited the home of Margaret M. Walsh, the mother of Josephine, and asked the child to sign a card for the purpose of adding the name of Josephine to her own name on a bank book of the People's Savings Bank, so that the account would be a joint account; that an order was signed and the account was made a joint account standing in the name of Julia Walsh or Josephine J. Walsh, payable to either or the survivor of them. Julia Walsh kept possession of the bank book but referred to the money many times as being "Babe's" money, "Babe" being a nickname for Josephine. The evidence showed that at different times Julia Walsh bought Josephine clothing and different things and drew the money from the account; that the Walsh family always spoke of the account as belonging to Josephine; that Patrick J. Walsh, the husband of Julia Walsh, did not know of the account; that a short time before Julia Walsh died, she lost the book and requested Josephine J. Walsh to sign papers to get a new book and that Josephine went to the bank with Julia and signed cards, and also went with her to the office of a newspaper to advertise the loss of the book.

It appears from the evidence that the owner of the money, Julia Walsh, in this case has created the joint interest of herself and Josephine J. Walsh in the money deposited, and it appeared from the evidence that it was her intention to divest herself of the exclusive ownership and control of the money so deposited and vest such ownership and control jointly in herself and Josephine J. Walsh, and from the evidence the intention appears clear to make a present gift of a joint interest in such deposit. Therefore, this Court is of the opinion that Josephine J. Walsh is entitled to said deposit.

For complainant: Edwards & Angell.

For respondents: Charles A. Curran.